STATE OF MAINE                          SUPERIOR COURT
WALDO, SS.                              DOCKET NO. CR-16-204


STATE OF MAINE              )
                           )
                           )          ORDER DENYING MOTION
        v.                 )          TO DISMISS
                           )
HADEN CAMPBELL             )
                           )


On June 8, 2016, the Defendant filed a Motion to Dismiss Complaint for Lack of Probable Cause. A hearing on the Defendant's motion was held before the Court on August 29, 2016. At the hearing testimony was presented by MDEA agents Jason Pease and Walter Corey. The Court also received evidence consisting of two photographs of the Defendant's premises, and an audio recording of the events leading to the Defendant's arrest on the pending charge.

For the purposes of evaluating the pending motion, the Court makes the following findings based on the evidence presented.

On or about March 8, 2016, officers Pease and Corey went to 10 Pond Rd. in Scarsport for the purpose of locating the Defendant, Haden Campbell. The officers had two purposes in making contact with Mr. Campbell that day: first to serve the Defendant with a summons in regard to a charge alleging criminal conspiracy in the unlawful trafficking of oxycodone; and second to talk with the Defendant regarding that same allegation.

The officers did not have a search warrant or arrest warrant at any time during the course of the encounters with the Defendant on March 8, 2016. The home at 10 Pond Rd. was a mobile home with an attached sunporch/mudroom. Upon arrival, the officers observed a vehicle parked outside the mobile home, and heard movement inside the mobile home. It was reasonable for the officers to believe that someone was inside the mobile home.

For several minutes, Officer Pease knocked on the door to the sunporch/mudroom without any response from anyone inside the mobile home. Officer Corey then opened the sunporch/mudroom door, entered into the sunporch/mudroom and knocked on the inner door to the mobile home itself. The inner door could be seen easily from the exterior sunporch/mudroom door a short distance away. Soon after officer Corey knocked on the inner door, the Defendant opened the door and stepped into the sunporch/mudroom where the officers were.

The Defendant was angry and upset at being awoken and confronted by the two officers. The two officers identified themselves as Maine drug enforcement agents. The officers also indicated they wanted to speak with the Defendant and that they had paperwork for the Defendant regarding a charge against him. The Defendant expressed his reluctance to speak with the officers or engage with them as requested. The officer then advised the Defendant he was going to be arrested for the underlying charge for which the officers had intended to issue a summons.

A scuffle then ensued between the Defendant and the officers which led to the pending charge of Refusing to Submit to Arrest in this matter.

## ANALYSIS

The Defendant contends that dismissal of the pending Complaint is warranted because the alleged criminal conduct relating to refusing to submit to arrest flowed from what the Defendant argues was the officers' warrantless and unauthorized entry into the Defendant's home. The constitutionally protected rights prohibiting entry into one's home has long been recognized under both the United States and State of Maine Constitutions. The issue presented by the pending motion is whether the officer's conduct in entering into the sunporch/mudroom in the circumstances of this case constituted an unconstitutional violation of the Fourth Amendment protections against unlawful search and seizure.

The Law Court in *State v. Trusiani, 2004 ME 107, ¶ 15*, addressed this issue and noted, in part,

> although the curtilage of the home is protected from unreasonable entries and searches and the dwelling itself may not be entered, absent a warrant or exigent circumstances, the state is allowed to intrude into the homes cartilage under certain circumstances, including accessing the entry to a dwelling while conducting legitimate law enforcement activities.

The Law Court in *Trusiani* went on to note at length, the decision rendered by the North Dakota Supreme Court in *State v. Kitchen, 1997 ND 241, 572 N.W. 2d 106*, which presented facts and issues strikingly similar to the ones presented in this pending motion. The court in *Kitchen*, although noting a defendant's reasonable expectation of privacy in the entryway to their home, went on to hold that, "police, at times, may enter areas where a person may have a reasonable expectation of privacy. . . . police with legitimate business may enter certain areas surrounding a home where persons may have a reasonable expectation of privacy, such as curtilage, but which are impliedly open to use by the public." *Kitchen at 110.*

The *Kitchen* court also went on, at some length, discussing the Maine Law Court decision in *State v. Crider, 341 A.2d 1(Me. 1975)* which addressed the appropriateness of a police officer's entry into a home passing through an outer door to access an inner door. Although distinguishing the facts in *Crider*, the *Kitchen* court in examining the officer's behavior noted the following factors: that the police officers were on legitimate business, that the police officers waited a reasonable time before entering the outer door to knock at the inner door, that the officers had reasonable grounds to believe that the person they sought was at the home, and that the entryway could be viewed as impliedly open to use by the general public.

This Court concludes that the facts and circumstances associated with the March 8, 2016 engagement between the Defendant and the officers in the sunporch/mudroom at 10 Pond Rd. was more akin to the facts presented in the *Kitchen* case as opposed to the *Crider* case. Specifically, the Court finds

that the officers behavior did not constitute an unlawful or unconstitutional entry into the Defendant's home.

Accordingly, **the Defendant's Motion to Dismiss is hereby DENIED.**

Date: 10/13/16

SUPERIOR COURT JUSTICE